UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　c/o United States Attorney<br>　　Judiciary Center Building<br>　　555 Fourth St., N.W.<br>　　Washington, D.C.  20530,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**$6,138.00 IN UNITED STATES CURRENCY,**<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

　　The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

　　1.  This is an *in rem*, civil action brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of money and other things of value that are exchanged for controlled substances, are traceable to such an exchange, or are used or intended to be used to facilitate a violation of Title 21, United States Code, Chapter 13, subchapter 1.

　　2.  This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).  Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

　　3.  The defendant property is more fully described as:

　　　　six thousand one hundred thirty-eight ($6,138.00) dollars in
　　　　United States currency seized on April 8, 2005, from a residential
　　　　premises located at 1246 Penn Street (Apt. No. 1), N.E.,
　　　　Washington, D.C.

　　4.  The $6,138.00 (hereinafter the "defendant property") is presently under the custody

and control of the United States Marshals Service within the geographical boundaries of the District of Columbia.

5. Administrative forfeiture proceedings were commenced against the defendant property by the Washington Divisional Office of the Drug Enforcement Agency. Yndia Jones filed an administrative claim asserting an interest in the defendant property.

## BASIS FOR FORFEITURE

6. On April 8, 2005, DEA Task Force agents and Metropolitan Police officers (hereinafter: "law enforcement officers") executed a search warrant at 1246 Penn Street, N.E., Apartment No. 1, Washington, D.C. The warrant was secured based on information that law enforcement officers developed which indicated that an individual was storing quantities of crack cocaine, marijuana and cash at 1246 Penn Street, N.E., Apartment No. 1.

7. When law enforcement officers entered the 1246 Penn Street apartment, they found Irving Lamar Jones and Yndia Jones there.

8. During their search, law enforcement officers asked Irving Lamar Jones whether he had any illegal items in his possession. Mr. Jones indicated that he had items in his pocket. From his pockets, law enforcement officers recovered five ziplock bags containing an off-white rock substance that later field-tested positive for cocaine, and $120.00 in U.S. currency.

9. When law enforcement officers asked Mr. Jones whether there was other contraband in the apartment, Mr. Jones directed them to a basket in the closet. Law enforcement officers recovered two .45 caliber semiautomatic handguns (one loaded, one unloaded), and a box of .45 caliber ammunition in a living room closet of the apartment.

10. During the search of the apartment law enforcement officers recovered approximately 20 grams of what appeared to be crack cocaine that was packaged for apparent distribution. This material was secured and subsequently tested by the DEA. The material was determined to contain cocaine.

11. Additionally, in plain view law enforcement officers recovered drug paraphernalia, including a ceramic plate with a razor blade and what appeared to be cocaine residue.

12. Law enforcement officers also found over $10,000 in United States currency in various locations throughout the apartment.

13. Yndia Jones has claimed that she owns $6,138 of the over $10,000 in currency that law enforcement officers found in the apartment.

14. A check of employment records in the District of Columbia, Maryland, and Virginia disclosed that Yndia Jones has no known employment.

## COUNT I

15. All statements and averments made in paragraphs 1-14 are re-alleged and incorporated, herein, by reference.

16. In light of the above-described events, there is probable cause to believe that the defendant property was furnished in exchange for controlled substances, or is traceable to such an exchange, or was intended to facilitate such an exchange, in violation of 21 U.S.C. § 801 et seq., and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered

declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

    Respectfully submitted,

_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
555 4th St., NW
Washington, D.C. 20530
(202) 514-7065

VERIFICATION

I, Michael Iannacchione, a Task Force Agent with the Drug Enforcement Administration, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture in rem is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of September 2005.


_____
Michael Iannacchione
Task Force Officer
Drug Enforcement Administration